IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THIELE KAOLIN COMPANY, a Georgia Corporation, Plaintiff, vs. WISCONSIN CENTRAL LTD., a Delaware Corporation, Defendant. | Civil Action No. |

## COMPLAINT

Thiele Kaolin Company (hereinafter, "Plaintiff" or "Thiele"), by and through its undersigned counsel, hereby files this Complaint against Wisconsin Central Ltd. (hereinafter, "Defendant" or "WC"), and in support thereof states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1337. Plaintiff's claims arise under the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 10101 *et seq*. In addition, there is complete diversity between the parties and the amount in controversy exceeds $75,000.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## THE PARTIES

3. Plaintiff Thiele is a corporation organized under the laws of the State of Georgia with its principal office located at 520 Kaolin Road, Sandersville, Georgia 31082.

4. Defendant WC is a Delaware corporation with its principal office located at 17641 South Ashland Avenue, Homewood, Illinois 60430.

## BACKGROUND

5. Over a period of many years, Plaintiff has made substantial capital investments in the acquisition, by purchase or long-term lease, of tank and covered hopper rail cars suitable for the transportation of clay by rail for customers who purchase Plaintiff's products. Plaintiff has made such investments because of the failure and/or refusal of Defendant and other railroads to provide rail tank cars and a sufficient number of rail covered hopper cars.

6. Since Plaintiff provides private cars utilized by the railroads, they are entitled to compensation for the railroads' use of the Plaintiff's private equipment pursuant to 49 U.S.C. §§ 11121-11122.

7. In particular, the obligation for payment of mileage allowances on privately owned or leased tank cars is clearly set forth in the 1986 compensation prescription order issued by the Interstate Commerce Commission ("ICC") (predecessor to the Surface Transportation Board). *See* Ex Parte No. 328, *Investigation of Tank Car Allowance System,* 3 I.C.C.2d 196 (1986) ("Ex Parte No. 328").

8. In Ex Parte No. 328, the ICC prescribed a formula setting fair compensation for use of private tank cars by railroads. The compensation railroads are obligated to pay for use of private tank cars is commonly referred to as "mileage allowances."

9. The procedures for calculation, payment, and auditing of mileage allowances on privately owned or leased tank cars required under Ex Parte No. 328 are published for the railroad industry in Freight Tariff RIC 6007-Series (the "Tariff"), Item 187 and Item 190. The Tariff provides that a railroad transporting freight over its rail lines in private tank cars is obligated to

pay a per-mile allowance. If a railroad has a revenue movement involving private tank cars, it is required to report and pay mileage compensation under the uniform national mileage formula established in Ex Parte No. 328 for mileage in the United States, as updated for current factors.

10. The procedures for calculation, payment, and auditing of mileage allowances on privately owned or leased covered hopper cars also are published for the railroad industry in the Tariff.

11. WC is a rail carrier subject to the ICCTA.

12. WC utilized privately owned tank and covered hopper cars provided by Plaintiff for loaded movements. Specifically, the cars were provided for a series of joint-line movements from Sandersville, Georgia to Wisconsin.

13. Because WC is a rail carrier subject to the ICCTA that utilized the privately owned tank and covered hopper cars provided by Plaintiff, it has a statutory obligation to pay compensation for its use of Plaintiff's tank and covered hopper cars.

14. Plaintiff's right to tank and covered hopper car compensation cannot be waived without the authorization of the Plaintiff.

15. Plaintiff has not waived or released its rights to statutory compensation and, in fact, Norfolk Southern, another railroad participating in these joint-line moves, has paid mileage compensation for its portion of the subject joint-line movements.

16. Plaintiff routinely monitors and audits railroad mileage allowances credited to its accounts and in doing so discovered that Defendant often failed to properly credit its accounts with mileage allowances for the portion of certain movements over Defendant's rail lines from Sandersville, Georgia to Wisconsin.

## **COUNT I**

17. Plaintiff hereby incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

18. WC generates revenues using private tank and covered hopper cars supplied by Plaintiff.

19. Prior to April 2020, WC paid mileage allowances to Plaintiff for the use of its private tank and covered hopper cars. After this date, WC began to not pay mileage allowances for its use of Plaintiff's private tank and covered hopper cars. This mileage allowance payment change was implemented with respect to Plaintiff in April 2020 to the present.

20. Beginning in April 2020, pursuant to the procedures under the Tariff, Plaintiff submitted mileage allowance claims to Defendant; however, Defendant denied such claims and refused payment of mileage allowances set forth in said claims. Defendant has denied such claims as it implemented this mileage allowance payment change in April 2020 on the WC routes used by Plaintiff.

21. Plaintiff Thiele submitted mileage allowance claims from April 2020 to present, which have been denied by Defendant.

22. WC's refusal to compensate Plaintiff for these mileage allowances constitutes a violation of 49 U.S.C. §§ 11101, 11121, and 11122.

23. Defendant's refusal to pay mileage allowances and its denial of claims has caused Plaintiff to incur attorney's fees. A party who successfully recovers damages from a rail carrier found liable is entitled to the award of attorney's fees under 49 U.S.C. § 11704(d)(3).

WHEREFORE, Plaintiff Thiele Kaolin Company respectfully prays for judgment in its favor and against Defendant Wisconsin Central Ltd. as follows:

A. An award of damages against Defendant in an amount subject to proof at trial;

B. A declaration that Defendant is required to pay mileage allowances to Plaintiff;

C. An award of pre- and post-judgment interest;

D. An award of the costs of suit, including attorneys' fees; and

E. Such other and further relief as this Court may deem just and proper.

Dated: February 9, 2022

Respectfully submitted,

THIELE KAOLIN COMPANY,

By: _____

Eric Y. Choi
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602
(312) 269-8000
echoi@nge.com