UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THIELE KAOLIN, CO., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22-cv-00728 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| WISCONSIN CENTRAL LTD., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thiele Kaolin ("Plaintiff") alleges that Defendant Wisconsin Central Ltd.

("Defendant") failed to provide compensation for its use of Plaintiff's private freight cars, in

violation of the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C.

§§ 10101 *et seq.* Before the Court is Defendant's motion to dismiss under Federal Rule of Procedure

17. For the reasons explained below, the Court denies Defendant's motion [53].

**BACKGROUND**

The following facts are accepted as true for the purpose of resolving Defendant's motion to

dismiss.

Plaintiff is a mining company that mines and processes kaolin clay. Defendant is a railroad

company that transports Plaintiff's products to Plaintiff's customers. Plaintiff needed to transport

its kaolin clay from Georgia to Wisconsin. To do so, Plaintiff made substantial capital investments

in the acquisition of private freight cars. Namely, Plaintiff leased private freight cars from owners of

the private freight cars. Defendant utilized these private freight cars provided by Plaintiff for the

Georgia-Wisconsin joint-line movements. Pursuant to ICCTA, railroads must provide

compensation to car owners that use private freight cars, known as mileage allowance. 49 U.S.C.

§ 11122; *Investigation of Tank Car Allowance System*, 3 ICC 2d. 196, 201 (1986), 1986 WL 61192; *see also*

1

*Engelhard Corp. –Petition for Declaratory Order—Springfield Terminal Ry. Co. & Consol. Rail Corp.* ("*Engelhard*"), 2004 WL 2154643 (STB Sept. 24, 2004).

Prior to April 2020, Defendant paid Plaintiff mileage allowance for use of the private freight cars. In April 2020, Defendant ceased paying Plaintiff the mileage allowance. In turn, Plaintiff brought this suit for claims arising under the ICCTA.

On April 18, 2022, Defendant filed a motion to dismiss the Plaintiff's complaint for failure to state a claim, which the Court denied on December 8, 2022. The Court rejected Defendant's waiver argument and held that Plaintiff pled a viable cause of action relating to mileage allowance for the use of its private freight cars. Defendant filed the present motion to dismiss about one year later.

**LEGAL STANDARD**

Under Rule 17(a), "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "The 'real party in interest' is the person who possess the right or interest to be enforced through litigation, and the purpose of this procedural rule is to protect the defendant against a subsequent action by the party actually entitled to recover." *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010). Dismissal for failure to prosecute a real party in interest is inappropriate "until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join or be substituted into the action." Fed. R. Civ. P. 17(a)(3); *Weissman v. Weener*, 12 F.3d 84, 87 (7th Cir. 1993).

**DISCUSSION**

Defendant moves to dismiss Plaintiff's complaint on two grounds: (1) Plaintiff was not the real party in interest possessing a claim in this litigation; and (2) Plaintiff cannot cure its complaint because it was not an "understandable mistake." Defendant also claims that it has not waived its

right to assert the motion pursuant to Rule 17 because it did not discover the information about the real party in interest until after discovery was conducted.

## I. Real Party in Interest

Defendant argues that Plaintiff is not a real party in interest under Rule 17 for three reasons: (1) Plaintiff does not own the private freight cars; (2) Plaintiff had no marks on the private freight cars it leased; and (3) Plaintiff did not have direct payment rights to mileage allowance as a lessee of the private freight cars through its prior course of dealings with Defendant.

### a. *Private Freight Car Ownership*

Defendant argues that Plaintiff is not a party in interest because it did not own the private freight cars and was not entitled to mileage allowance payments. Plaintiff contends that it was not required to own the private freight cars in order to receive the mileage allowance because its status as a lessee of the private freight cars entitles it to such payments. Defendant does not respond to Plaintiff's argument in its reply. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (holding that a party's "[f]ailure to respond to an argument . . . results in waiver," and its "silence leaves [the court] to conclude" a concession).The Court agrees with Plaintiff.

The parties do not dispute that there are common rules for mileage allowance that are established by Railinc, a subsidiary of the Association of American Railroads, that serves as a clearinghouse for mileage allowances. Railinc published a tariff known as RIC 6007 (the "Tariff") that provides for mileage allowance based on the miles traveled by the car in delivering the shipment. The Tariff allows the payment of mileage allowance to either the car owner or lessee. (Dkt. 145, Defendant's Mot. to Dismiss, Ex. A (Tariff, 180), at 10.) Defendant acknowledges mileage allowance can be paid to either the car owner or lessee. Ownership is not a prerequisite for payment of mileage allowance. Plaintiff, therefore, can receive mileage allowance as either the owner or lessee of the private freight car.

b. *Reporting Mark*

Next, Defendant argues that Plaintiff is not a party in interest because it did not have interest in the reporting marks on the leased private freight cars and was not entitled to mileage allowance. Plaintiff contends that it owned reporting marks for 160 private freight cars.[1]  Defendant's reply does not contest Plaintiff's allegation that it owned reporting marks for 160 private freight cars.  *See Bonte v. U.S. Bank, N.A.*, 624 F.3d at 466 (7th Cir. 2010).  Both parties seem to agree that the Tariff allows the payment of mileage allowance to the owner or lessee of the assigned reporting mark.  At a minimum, Plaintiff has a claim for mileage allowance for the private freight cars that bear Plaintiff's reporting mark.

c. *Direct Payment Rights to Mileage Allowance*

Lastly, Defendant argues that Plaintiff is not a party in interest because it does not have a right to the payment of mileage allowance as a lessee of the private freight cars.  Plaintiff asserts that it was assigned the right to mileage allowance through its "course of dealing" with Defendant. During the course of this litigation, Plaintiff obtained assignment of mileage allowance claims from some car lessors who own the reporting marks for Plaintiff's leased private freight cars used by Defendant.  Defendant argues that the "course of dealing" between Plaintiff and Defendant does not create a property interest in the reporting mark.  Defendant also argues that the assignment of mileage allowance claims Plaintiff received after the start of the litigation should not be considered for the purpose of resolving the motion to dismiss.

Plaintiff cites *Engelhard Corporation – Petition for Declaratory Order – Springfield Terminal Railway Company and Consolidated Rail Corporation ("Engelhard II")*, 2004 WL 2154643, (STB 2004) as support. There, the Surface Transportation Board (the "Board") analyzed a District Court of Massachusetts

---

[1] Plaintiff's response argues that it owned 159 and 160 car marks for the private freight cars.  The Court finds that whether Plaintiff owned 159 or 160 reporting marks is not important.  Any private freight car bearing Plaintiff's reporting mark entitles Plaintiff to mileage allowance for use of that private freight car.

decision interpreting the Tariff requirements for mileage allowance compensation. The Board acknowledged Item 180(1) of the Tariff which states that reporting marks can be assigned to a car's owner or lessee. *Engelhard II*, 2004 WL 2154643, at \*4. Item 180(3)(A) of the Tariff requires that assigned reporting marks are to be submitted to The Official Railway Equipment Register for publication. *Id.* The Board determined that even if a lessee did not submit the assignment of the reporting mark as required by Item 180(3)(A), the "course of dealing" between the parties could override the requirement, making literal compliance unnecessary. *Id.* The lessee would have to make a "convincing showing" that the "course of dealing" existed between the two parties. *Id.* at \*4. The Board held that doing so would supersede the procedural provisions of the Tariff because such provisions regarding the mechanics of assigning reporting marks are not part of the negotiated agreement that the Interstate Commerce Commission prescribed when establishing such statutory requirements and thus do not have regulatory effect. *Id.*; *see Capitol Materials Inc. – Petition for Declaratory Order – Certain Rates and Practices of Norfolk Southern Ry.,* STB Docket No. 42068, 2004 WL 771676, slip op. at 6 (STB served Apr. 12, 2004).

The Court finds *Engelhard II* is instructive. Here, Plaintiff entered into an arrangement with an outside contractor, AllTranstek, on January 1, 2015, whereby AllTranstek submitted mileage allowance claims to Defendant in the name of Plaintiff. Plaintiff contends that Defendant did not object to these payments based on ownership or assignment of the reporting mark. Defendant's argument that the reporting mark must be assigned in order to create a property interest in the mileage allowance is misplaced. *Engelhard II* focused on the interactions of the parties, not the procedural requirements under the Tariff.

Here, the Court finds that Plaintiff offered convincing evidence to show that a "course of dealing" – namely Defendant's mileage allowance payments following submission of claims by Plaintiff's outside vendor – existed between Plaintiff and Defendant. For nearly five years,

Defendant operated as if Plaintiff owned or was properly assigned the reporting marks mark for its leased private freight cars and was entitled to mileage allowance. Actions of the parties outweigh compliance with the procedural requirements under the Tariff. Defendant's argument that Plaintiff is not the real party in interest fails.[2]

## II.     Rule 17 Waiver

For the reasons stated above, this Court agrees that Plaintiff and Defendant had a "course of dealing" that waived any procedural requirement under the Tariff. As Plaintiff can maintain this suit against Defendant as the real party in interest, the Court does not need to address merits of Plaintiff's Rule 17 waiver argument.

## CONCLUSION

For these reasons, the Court denies Defendant's Motion to Dismiss with prejudice [53].

## IT IS SO ORDERED.

Date: 10/29/2024

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

---

[2] The Court does not need to address whether the assignment of mileage allowance from car lessors during the litigation was proper due to the Court's finding concerning the "course of dealing" between the parties.